State ex rel. Maxwell vs. McDowell et al.

## No. 10,858.

THE STATE EX REL. F. L. MAXWELL VS. JAS. R. MCDOWELL ET AL.

1. The court will not interpose its prohibitive authority, and issue a writ of prohibition, in a case in which relator fails to establish that jurisdiction has been usurped.
2. The correctness of a statement of facts respecting the amount which gives jurisdiction will be accepted, unless it be [made clearly evident that an error has been committed.

APPLICATION for Prohibition.

F. F. Poché, Thos. P. Clinton and Chas. J. Boatner for the Re-lator.

W. H. Rogers, Attorney General, and J. G. Hawkes for the Respondent.

The opinion of the court was delivered by

BREAUX, J.   The defendant, in the suit of the State ex rel. James R. McDowell vs. F. S. Maxwell, brought before the District Court, parish of Madison, under the intrusion into office law, questioning his right to hold the office of commissioner for the parish of Madison on the board of the Fifth Louisiana Levee District, filed a peremptory exception of no cause of action, which was sustained by the District Court and the suit dismissed.

From that judgment plaintiff appealed to the Court of Appeals, Second Circuit.

The defendant and appellee moved the court to dismiss the appeal on the ground that the Appellate Court had no jurisdiction ratione materiæ, for the reason that on the face of the pleadings the amount in dispute was less than $100.

His motion was overruled, judgment was rendered reversing the judgment appealed from and remanding the case for trial.

After the judgment had been rendered the relator, Maxwell, applied to this court for a writ of prohibition directed to James R. McDowell, relator, in the original action, and to the District Judge, to restrain them from proceeding in the execution of the judgment of the Court of Appeals.

The Court of Appeals has jurisdiction when the matter in dispute or the funds to be distributed exceed $100, exclusive of interest.

In the statement of the case, the Court of Appeals found that the amount involved is more than $100. That the case is within its jurisdiction.

After a careful examination of the evidence upon which the statement is predicated, we discover no reason to question its correctness.

On the further grounds stated, in the case State ex rel. Coltharp vs. Holmes ex rel., just decided, we decline to issue the writ.

Relator's application is rejected and his petition is dismissed.

Justices Watkins and McEnery dissenting.